

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

*U.S. Dist #*
*13-CV-11798*

)
HERB CHAMBERS 1186, INC. d/b/a )
HERB CHAMBERS INFINITI OF BOSTON, )
)
    Plaintiff, )
)
    v. )
)
DONALD A. SMITH, JR., PRESTIGE AUTO )
IMPORTS, INC. d/b/a WEBSTER AUTO SALES, )
and REZA PARINEJAD, )
)
)
    Defendants. )
)

C.A. NO. 2012 – 1515B

*Filed*

*JUL 2 9 2013*

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please be advised that Defendants Prestige Auto Imports, Inc. d/b/a Webster Auto Sales,

and Reza Parinejad, with Defendant Donald A. Smith's consent, filed in the United States

District Court for the District of Massachusetts, a Notice of Removal of this matter from the

Superior Court of the Commonwealth of Massachusetts, Suffolk County, a copy of which is

attached to this Notice, effecting removal of the above-named action to the U.S. District Court in

accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

REZA PARINEJAD AND PRESTIGE AUTO
IMPORTS, INC.,

By their attorney,

Daniel J. Pasquarello (BBO #647379)
DAIN, TORPY, LE RAY, WIEST, & GARNER, P.C.
129 South Street, 3rd Floor
Boston, MA  02111
(617) 542-4800
Fax: (617) 542-4808
dpasquarello@daintorpy.com

and

Sylvia Katsenes (BBO #408100)
Skatsenes@aol.com
KATSENES AND KATSENES
743 Washington Street
Newton, MA  0246001701
(617)244-2137
skatsenes@aol.c̲om

Dated:  July 29, 2013

HEREBY ATTEST AND CERTIFY ON
Aug. 7, 2013
THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.
Asst. Clerk

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on Ian J. Pinta, Esq.,
and Howard M. Cooper, Esq., by hand and sent copies by first-class mail to Stephen J. Gill, Esq.,
and Sylvia Kastenes, Esq., on this 29th day of July 2013.

Daniel J. Pasquarello

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HERB CHAMBERS 1186, INC. d/b/a HERB CHAMBERS INFINITI OF BOSTON | ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 13 Civ. _____ |
| v. | ) ) | |
| DONALD A. SMITH, JR., PRESTIGE AUTO IMPORTS, INC. d/b/a WEBSTER AUTO SALES, and REZA PARINEJAD, | ) ) ) ) | |
| Defendants | ) ) ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendants Prestige Auto Imports, Inc.

d/b/a Webster Auto Sales and Reza Parinejad hereby remove to this Court the civil action

captioned *Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston v. Donald A. Smith,*

*Jr., Prestige Auto Imports, Inc. d/b/a Webster Auto Sales, and Reza Parinejad*, Superior Court of

the Commonwealth of Massachusetts, Suffolk County, Docket No. 12-1515-B (the "State Court

Action"). As grounds for the removal, the Defendants state as follows:

1.      On or about April 20, 2012, Plaintiff commenced this action by filing a Complaint

in Suffolk Superior Court, Suffolk County, Boston, Massachusetts, Civil Action No. 12-1515B

asserting claims only under Massachusetts law.

2.      On or about July 2, 2013, Plaintiff filed an Amended Complaint adding additional

claims. For the first time, Plaintiff asserted claims against the Defendants for alleged violations

of federal law. Specifically, Plaintiff now alleges RICO violations under 18 U.S.C. § 1962

against the Defendants.

-1-

3.      The United States District Court for the District of Massachusetts has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action now arises under the Law of the United States because, as alleged in the First Amended Complaint, Plaintiff bases its claim for relief on the federal statutes and acts of Congress, specifically, 18 U.S.C. § 1962(a), 18 U.S.C. § 2312, 18 U.S.C. § 2314, 18 U.S.C. § 1028, 18 U.S.C. § 892, 18 U.S.C. § 893, 18 U.S.C. § 1341, 18 U.S.C. § 1951, 18 U.S.C. § 1952, 18 U.S.C § 1957, 18 U.S.C. § 1961, 18 U.S.C. § 1962(b), (c), (d), and 18 U.S.C. § 1964(c).

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of service of the Amended Complaint, and the case stated by the initial Complaint was not removable.  Plaintiff served the Amended Complaint upon the Defendants by first class mail on July 2, 2013.

5.      As provided by 28 U.S.C. § 1441(c), because removal is sought on the basis of federal-question jurisdiction, the entire case may be removed and the United States District Court for the District of Massachusetts may determine all issues raised in the State Court Action.

6.      Through counsel, Defendants Parinejad and Prestige Auto have consulted with Defendant Donald A. Smith, Jr. about this notice of removal and all Defendants have discussed such removal. After consultations and discussions between Defendants' counsel, Defendant Smith consented to this removal and all Defendants agree to removal of the action.

7.      Venue in this District is proper under 28 U.S.C. § 1446(a) because the District of Massachusetts is the District within which the State Court Action is pending.

8.      As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all the process, pleadings and orders that have been served upon the Defendants in the State Court Action.

WHEREFORE, Defendants Prestige Auto Imports, Inc. and Reza Parinejad, with

Defendant Smith's consent, request that this action proceed in this Court as an action properly

removed to its jurisdiction.

Respectfully submitted,

REZA PARINEJAD AND PRESTIGE AUTO
IMPORTS, INC.,

By their attorney,

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO #647379)
DAIN, TORPY, LE RAY, WIEST, & GARNER, P.C.
129 South Street, 3rd Floor
Boston, MA  02111
(617) 542-4800
Fax: (617) 542-4808
dpasquarello@daintorpy.com

Dated: July 29, 2013

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on Ian J. Pinta, Esq.,
and Howard M. Cooper, Esq., by hand and sent copies by first-class mail to Stephen J. Gill, Esq.,
and Sylvia Kastenes, Esq., on this 29th day of July 2013.

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston

**(b)** County of Residence of First Listed Plaintiff   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Howard M. Cooper & Ian J. Pinta, Todd & Weld LLP
28 State St, 31st Floor, Boston, MA 02109  (617) 720-2626

## DEFENDANTS

Donald A. Smith, Jr., Prestige Auto Imports, Inc. d/b/a Webster Auto Sales, and Reza Parinejad

County of Residence of First Listed Defendant   Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

Daniel J. Pasquarello, Dain Torpy
129 South St., Boston, MA 02111 (617) 542-4800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                       and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 USC 1962; Plaintiff alleges Civil RICO violation and other federal allegations (removal, 28 USC 1441)
Brief description of cause:
Defendants seek removal of state action after Plaintiff amended complaint adding allegations under federal law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                          DOCKET NUMBER

DATE
07/29/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Daniel J. Pasquarello

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2012-01515
## Herb Chambers 1186 Inc v Smith Jr et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 04/20/2012 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 08/05/2013 | **Session** | B - Civil B, 3 Pemberton Sq, Boston | |
| **Origin** | 1 - Complaint | **Case Type** | B99 - Misc tort | |
| **Track** | F - Fast track | **Lead Case** | | **Jury Trial**   Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 08/18/2012 | 08/18/2012 | 10/25/2013 | 11/25/2013 | | |
| **Filed By** | 07/19/2012 | 08/18/2012 | 09/17/2012 | 09/17/2012 | | 12/24/2013 | | 02/09/2014 |
| **Heard By** | | | 10/17/2012 | 10/17/2012 | | | 04/11/2014 | |

### PARTIES

**Plaintiff**
Herb Chambers 1186 Inc
Active 04/20/2012

**Private Counsel 543842**
Howard M Cooper
Todd & Weld
28 State Street
31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-227-5777
Active 04/20/2012 Notify

**Private Counsel 667812**
Ian J. Pinta
Todd & Weld
28 State Street
31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-227-5777
Active 04/17/2013 Notify

**Defendant**
Donald A  Smith Jr
Served: 04/26/2012
Answered: 06/06/2012
Answered 06/06/2012

**Private Counsel 192090**
Stephen J Gill
Curley & Curley
27 School Street
6th floor
Boston, MA 02108
Phone: 617-523-2990
Fax: 617-523-7602
Active 06/07/2012 Notify

**Defendant**
Prestige Auto Imports Inc dba
Served: 04/24/2012
Answered: 05/09/2012
Answered 05/10/2012

**Private Counsel 408100**
Sylvia Katsenes
Katsenes & Katsenes
743 Washington Street
Newtonville, MA 02460
Phone: 617-244-2137
Fax: 617-244-7442
Active 04/24/2012 Notify

MASXP-20110425
leakes

Case 1:13-cv-11798-nm Document of Massachusetts/13 Page 8 of 50

08/05/2013
12:28 PM

SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

**SUCV2012-01515**
**Herb Chambers 1186 Inc v Smith Jr et al**

**Private Counsel 647379**
Daniel J Pasquarello
Brennan Dain Leray Wiest Torpy & Garner PC
129 South Street
3rd Floor
Boston, MA 02111
Phone: 617-542-4864
Fax: 617-542-4808
Active 06/12/2013 Notify

**Private Counsel 685223**
Michael J McDermott
Brennan Dain Leray Wiest Torpy & Garner PC
129 South Street, 3rd Floor
Boston, MA 02111
Phone: 851-229-1626
Fax: 617-542-4808
Active 06/12/2013 Notify

**Private Counsel 647379**
Daniel J Pasquarello
Brennan Dain Leray Wiest Torpy & Garner PC
129 South Street
3rd Floor
Boston, MA 02111
Phone: 617-542-4864
Fax: 617-542-4808
Active 08/05/2013 Notify

**Doing busnss as (alias)**
Webster Auto Sales
Active 04/20/2012

**Defendant**
Reza Parinejad
Served: 04/24/2012
Answered: 05/09/2012
Answered 05/10/2012

**Private Counsel 408100**
Sylvia Katsenes
Katsenes & Katsenes
743 Washington Street
Newtonville, MA 02460
Phone: 617-244-2137
Fax: 617-244-7442
Active 04/24/2012 Notify

### SUCV2012-01515
### Herb Chambers 1186 Inc v Smith Jr et al

**Private Counsel 685223**
Michael J McDermott
Brennan Dain Leray Wiest Torpy & Garner
PC
129 South Street, 3rd Floor
Boston, MA 02111
Phone: 851-229-1626
Fax: 617-542-4808
Active 06/12/2013 Notify

**Defendant**
Olympics Towing Inc
Served: 04/27/2012
Inactive 07/03/2013

**Defendant**
Ganane G Castro
315 Charger Street
Apt. 77
Revere, MA 02151
Served: 04/23/2012
Defaulted under time standards 09/28/2012 Notify

**Trustee**
Bank of America NA
Served (answr pending) 04/26/2012

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 04/20/2012 | 1.0 | Complaint & Jury Demand on all Issues |
| 04/20/2012 | | Origin 1, Type B99, Track F. |
| 04/20/2012 | 2.0 | Civil action cover sheet filed($100,000.00) |
| 04/20/2012 | 3.0 | Plaintiff Herb Chambers 1186 Inc's MOTION for Attachment by Trustee Process & R E Attachment |
| 04/20/2012 | | Summons and order of notice issued; returnable 4/25/2012 @2pm in Rm 306 re: Tr attachement (Liebensperger,J) Summons & Order of notice issued (see P#3) |
| 04/20/2012 | 4.0 | Plaintiff Herb Chambers 1186 Inc's MOTION for appointment of special process server Thomas Savage and/or Disinterested Parties Inc - ALLOWED (Leibensperger, J) Dated 4/20/12 |
| 04/24/2012 | 5.0 | Memorandum of Law in Opposition to Plaintiff's motion for real estate attachment, trustee process attachment, and temporary restraining |

SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2012-01515
### Herb Chambers 1186 Inc v Smith Jr et al

| Date | Paper | Text |
|------|-------|------|
| | 5.0 | order filed by Prestige Auto Imports Inc, and Reza Parinejad |
| 04/24/2012 | 6.0 | Affidavit of Reza Parinejad in opposition to Plaintiff's motion for real estate attachment, trustee process attachment and temporary restraining order |
| 04/24/2012 | 7.0 | Affidavit of Donald A. Smith, Jr. |
| 04/25/2012 | 8.0 | Plaintiffs' Reply to Defendants' opposition to Plaintiff's motion for real estate and trustee process attachment |
| 04/25/2012 | 9.0 | ORDER on plff's motion for new-judgment Real Estate Attachment Trustee Process Attachment and Temporary Restraining order Until further order the real estate at 78 Truman Road Newton is not to be sold or encumbered Until further order Deft Prestige Auto Imports Inc d/b/a Webster Auto Sales and deft Reza Parinejad are not to sell or encumber the 2004 Hummer 2005 Suburban or 2003 Infiniti Deft Donald A Smith Jr is not to transfer or encumber any Real Estate he owns in which he owns or in whixh he has any ownership interest (Fahey,J) Notice Sent 4/26/12 (entered 4/25/12) |
| 04/26/2012 | | Motion (P#3) Ex Parte relief Denied except for a trustee process attachment in rhe amount of $50,000.00 as to deft Donald A Smith Jr(Leibensperger,J) (entered 4/20/12) |
| 04/26/2012 | | Motion (P#3) Until further order, The reaL estate at 78 Truman Road Newton is not to be sold or encumbered until further iorder Deft Prestige Auto d/b/a deft Parinejad are not to sell the 2004 Hummer 2005 Suburban or 2003 Infiniti Deft Smith is not to transfer or encumber any real estate he owns or has any interest in (Fahey,J) (entered 4/25/12) |
| 04/26/2012 | 10.0 | SERVICE RETURNED: Olympics Towing Inc(Defendant) (last & usual place of abode on 4/2312) |
| 04/26/2012 | 11.0 | SERVICE RETURNED: Ganane G Castro(Defendant) (last & usual place of abode on 4/23/12) |
| 04/26/2012 | 12.0 | SERVICE RETURNED (order of notice): (lasat & usuL place d abode on 4/23/12) |
| 04/26/2012 | 13.0 | SERVICE RETURNED (trustee summons): re: Bank of America |
| 04/27/2012 | 14.0 | Supplemental Affidavit of Bradford A. Gomes |
| 05/03/2012 | 15.0 | Affidavit of Kathleen Powers |
| 05/03/2012 | 16.0 | Supplemental Affidavit of Reza Parinejad |
| 05/03/2012 | 17.0 | Supplemental Affidavit of Donald A. Smith Jr |
| 05/07/2012 | | Motion (P#3) After review of the affidavits of Gomes, Parinejad and Smith, no further action is appropriate. This court's order of 4/25/12 remains in effect. (Elizabeth M. Fahey, Justice). Dated 5/3/12 Notices mailed 8/7/2012 |
| 05/09/2012 | 18.0 | ANSWER: Reza Parinejad(Defendant) & Prestige Auto Imports & crossclaim |
| 05/10/2012 | 19.0 | SERVICE RETURNED: Reza Parinejad(Defendant) (IN HAND) |
| 05/10/2012 | 20.0 | SERVICE RETURNED: Prestige Auto Imports Inc(Defendant) (IN HAND) |
| 05/14/2012 | 21.0 | ANSWER by trustee: Bank of America N.A. |
| 06/04/2012 | 22.0 | SERVICE RETURNED: Donald A Smith Jr(Defendant) |

MASXP-20110425
leakes

Case 1:13-cv-11706-nmm Document of Masked 08/t13/13  Page 11 of 50

08/05/2013
12:28 PM

SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2012-01515
## Herb Chambers 1186 Inc v Smith Jr et al

| Date | Paper | Text |
|------|-------|------|
| 06/04/2012 | 23.0 | SERVICE RETURNED (order of notice): Defts |
| 06/06/2012 | 24.0 | ANSWER: Donald A Smith Jr(Defendant) (jury reqstd) |
| 07/09/2012 | 25.0 | Emergency MOTION with prior notice of Defendant Reza Parinejad to quash or limit subpoena served by Plaintiff on Bank of America (w/o opposition) |
| 07/10/2012 | 26.0 | Opposition to Defendant Reza Parinejad's emergency motion to quash or limit subpoena served by Plaintiff on Bank of America filed by Herb Chambers 1186 Inc |
| 07/11/2012 | | Motion (P#25) After hearing, the court ALLOWS the motion ONLY insofar as the scope of the subpoena shall be liimited to the dates 5/1/06 to 7/10/12 (Linda E.Giles, Justice). Dated 7/10/12 Notices mailed 7/11/2012 |
| 08/02/2012 | | Case status changed to 'Needs review for answers' at service deadline review |
| 09/28/2012 | 27.0 | Default re: Ganane G Castro (no answer by 1-88 deadline); Pltf directed to move for appropriate judgement by 10/28/2012. Copies mailed. |
| 09/28/2012 | | Case status changed to 'Needs discovery' at answer deadline review |
| 10/03/2012 | 28.0 | Motion of deft Reza Parinejad to modify order prohibiting encumbrance of Real Estate at 78 Truman Road Newton & Allowed See modification of order (Fahey ,J) Notice Sent 10/2/12 (entered 10/1/12) |
| 10/03/2012 | 29.0 | Modification of order (see complete order P#29) (Fahey,J) /Notice se t 10/2/12 (entered 10/1/12) |
| 10/15/2012 | 30.0 | Deft Emergency motion of deft Genane Castro motiion to remove default (w.o opposition) |
| 10/18/2012 | | Motion (P#30) ALLOWED (Elizabeth M Fahey, Justice) Notices mailed 10/18/2012 (entered 10/17/12) |
| 02/15/2013 | 31.0 | Parties' joint MOTION to extend discovery deadline & deadline to serve summary judgment motions |
| 02/21/2013 | | Motion (P#31) ALLOWED (Elizabeth M. Fahey, Justice) Notices mailed 2/20/2013 (entered 2/19/13) |
| 04/12/2013 | 32.0 | Plaintiff Herb Chambers 1186 Inc's Ex Parte Renewed MOTION pre-judgment real estate attachment and temporary restraining order (w/o opposition) |
| 04/16/2013 | 33.0 | Parties' joint MOTION to extend discovery deadline |
| 04/22/2013 | | Motion (P#32) Based on the materials in the record and after hearing, ALLOWED in the sum of $607,000.00 (see order) (Linda E. Giles, Justice) Notices mailed 4/18/2013 (entered 4/18/13) |
| 04/22/2013 | 34.0 | ORDER on renewed ex parte motion for real estate attachment (Linda E. Giles, Justice) (entered 4/17/13) notices mailed 4/18/13 |
| 04/22/2013 | 35.0 | Defendants Prestige Auto Imports Inc & Reza Parinejad's MOTION to continue hearing scheduled for 4/17/13 on plff's motion to attach and PI, filed on 4/16/13 & DENIED, for reasons stated on th record on 4/17/13. (Linda Giles, Justice) notices mailed 4/18/13 |
| 04/22/2013 | | Motion (P#33) ALLOWED (Linda E. Giles, Justice) Notices mailed |

MASXP-20110425
leakes

Case 1:13-cv-11798-IT Document 1 Filed 08/13/13 Page 12 of 50

Commonwealth of Massachusetts

08/05/2013
12:28 PM

SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2012-01515
## Herb Chambers 1186 Inc v Smith Jr et al

| Date | Paper | Text |
|------|-------|------|
| | | 4/22/2013 |
| 05/14/2013 | 36.0 | SERVICE RETURNED (writ of attachment): |
| 05/14/2013 | 37.0 | SERVICE RETURNED (writ of attachment): Reza Parinejad |
| 06/12/2013 | 38.0 | JOINT Motion of parties to extend discovery & Summary deadlines |
| 06/19/2013 | | Motion (P#38) ALLOWED for the reasons stated. (Linda E. Giles, Justice) Notices mailed 6/18/2013 (entered 6/17/13) |
| 06/21/2013 | 39.0 | Plaintiff Herb Chambers 1186 Inc's MOTION for leave to amend the complaint based upon newly discovered fraud (w/o opposition) |
| 06/21/2013 | 40.0 | Court received response of deft Prestige Auto Imports Inc & Parinejad to plff's motion for leave to amend complaint |
| 07/01/2013 | | Motion (P#39) ALLOWED for good cause shown. Linda Giles, Justice) Notices mailed 6/28/2013 (entered 6/27/13) |
| 07/03/2013 | 41.0 | Amended complaint and Jury demand (all issues) |
| 07/29/2013 | | Copy of Petition for Removal to US Dist Court of defendants Prestige Auto Imports, Inc. d/b/a Webster Auto Sales and Reza Parinejad (US Dist# 13-cv-11798) |
| 08/05/2013 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 04/25/2012 | Civil B, 3 Pemberton Sq, Boston | Motion/Hearing: order of notice | Event held as scheduled |
| 07/10/2012 | Civil B, 3 Pemberton Sq, Boston | Motion/Hearing: miscellaneous To quash subpoena. | Event held as scheduled |
| 04/17/2013 | Civil B, 3 Pemberton Sq, Boston | Motion/Hearing: order of notice P#32 Pre-judgment real estate attachment and T.R.O Atty did not pick up order of notice | Event held as scheduled |

I HEREBY ATTEST AND CERTIFY ON
Aug. 7, 2013 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By.
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:                              SUPERIOR COURT DEPARTMENT
                                         OF THE TRIAL COURT

                                         12-1515

HERB CHAMBERS 1186, INC. d/b/a        )
HERB CHAMBERS INFINITI OF BOSTON,     )
                                      )
        Plaintiff,                    )
                                      )   C.A. No.
        v.                            )
                                      )
DONALD A. SMITH, JR., PRESTIGE AUTO   )
IMPORTS, INC. d/b/a WEBSTER AUTO      )
SALES, REZA PARINEJAD, OLYMPICS       )
TOWING, INC. and GENANE G. CASTRO,    )
                                      )
        Defendants,                   )
                                      )
        v.                            )
                                      )
BANK OF AMERICA                       )
                                      )
        Trustee Process Defendant.    )
                                      )

## VERIFIED COMPLAINT

1.      Through this action, the plaintiff, Herb Chambers 1186, Inc. d/b/a Herb Chambers

Infiniti of Boston ("Chambers Infiniti"), seeks to recover damages incurred as a result of the

illegal and fraudulent actions of the Defendants, each of whom participated in a conspiracy to

unlawfully misappropriate used vehicles from Chambers Infiniti so as to enjoy for themselves

the profit from the resale of the misappropriated vehicles to the public. The Defendants include a

corrupt former Chambers Infiniti manager who, together with his co-Defendants, ran their own

illegal side business whereby Defendant Smith improperly transferred and sold the subject

vehicles to his co-Defendants, utilizing fictitious or misappropriated identities, at a reduced price

1

in exchange for his receipt of payment from his co-Defendants personally despite the fact that the Titles to the subject vehicles were not in his name. As a part of the scheme, the corrupt manager would unlawfully transfer and sell additional vehicles in order to cover the "float" for the monies needed to be returned to the dealership in order to cover up his prior misappropriation of vehicles. As a further part of the scheme, the corrupt manager's co-Defendants repeatedly resold the misappropriated vehicles to customers at higher prices resulting in a profit to them and a loss to Chambers Infiniti.

    2.    There is no serious dispute here that this scheme took place. Defendant, Donald A. Smith, Jr. ("Defendant Smith"), a former, now fired corrupt former general sales manager of Chambers Infiniti, and the primary architect of the scheme, has already admitted to Chambers Infiniti the details of the Defendants' unlawful activity. More specifically, Defendant Smith, has admitted as follows: that he repeatedly unlawfully removed vehicles (estimated by him to be 12 to 18 vehicles but in reality substantially more) from the Chambers Infiniti dealership without permission; that he did so by using fictitious or misappropriated names of customers; that he and his co-Defendants knew the vehicles were supposed to be taken to an auto action and not wholesaled to a used car dealer; that, instead, Mr. Smith brought the vehicles to Defendants Reza Parinejad ("Defendant Parinejad"), President of Prestige Auto Imports, Inc. d/b/a Webster Auto Sales ("Defendant Webster Auto Sales"), and to Genane G. Castro ("Defendant Castro"), President of Olympics Towing, Inc. ("Defendant Olympics Towing"); that Mr. Smith then provided multiple misappropriated Certificates of Title to his co-Defendants; that the Certificates of Title made clear that Chambers Infiniti was the owner of the vehicles; that despite the clear ownership, his co-Defendants would pay him personally either by check or cash; and that the co-Defendants would then markup the sales prices of the vehicles and resell the vehicles

to customers resulting in a profit for them.  Each of the Defendants has enjoyed a long-standing

relationship with each other and it was this relationship which allowed them to perpetrate their

scheme for a significant period before being caught.

3.      Chambers Infiniti does not yet know the full extent of the scheme committed

against it or the full amount of money lost because of the unlawful actions of the Defendants.

Chambers Infiniti is nevertheless currently aware of at least three (3) vehicles it owned that were

misappropriated and "sold" by Defendant Smith to Defendant Parinejad and/or Defendant

Webster Auto Sales, for which Chambers Infiniti has received no compensation.  The value of

these misappropriated vehicles exceeds $30,000.  Chambers Infiniti has demanded that

Defendants Parinejad and Webster Auto Sales return the three vehicles, but they have refused to

do so.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court over the Defendants is lawful and proper pursuant to

G.L. c. 223A, § 1 et seq. because the Defendants either reside or have their places of business in

Massachusetts.

5.      Venue exists in this county pursuant to G. L. c. 223, § 1 et seq., where Chambers

Infiniti has its principal place of business in Suffolk County.

## PARTIES

6.      Chambers Infiniti is a Massachusetts corporation with a principal place of

business at 1186 Commonwealth Avenue, Boston, Massachusetts.

7.      Defendant Smith is a former employee of Chambers Infiniti and resides at 8

Juniper Road, Upton, Massachusetts.

3

8.     Defendant Webster Auto Sales is a Massachusetts corporation having its principal place of business at 61 Prospect Street, Somerville, Massachusetts. It is a Class 2 Used Car Dealer licensed in Somerville. See copy of Certificate of License (attached as *Exhibit 1*).

9.     Defendant Parinejad is the President of Prestige Auto Imports, Inc. and resides at 78 Truman Road, Newton, Massachusetts. See copy of 2011 Annual Report for Prestige Auto Imports, Inc. (attached as *Exhibit 2*).

10.    Defendant Olympics Towing is a Massachusetts corporation having its principal place of business at 134 Newbury Street, Rear, Peabody, Massachusetts. See copy of 2011 Annual Report for Olympics Towing, Inc. (attached as *Exhibit 3*). Olympics Towing is not a licensed reseller of vehicles.

11.    Defendant Castro is the President of Olympics Towing and resides at 315 Charger St., Apt. 77, Revere, Massachusetts. Id.

12.    Bank of America is a federally insured bank who, upon information and belief, is holding certain funds belonging to Defendant Smith and Defendant Parinejad. Bank of America has branches throughout Massachusetts.

## FACTS

### a.  Background

13.    Chambers Infiniti operates a franchised automobile dealership in Boston, Massachusetts from which it retails new and used vehicles directly to the public. On occasion, Chambers Infiniti sells used vehicles at wholesale prices to other authorized dealerships or to the Lynnway Auto Auction, which is a third-party that sells vehicles at auction on consignment. One purpose of wholesaling only to authorized dealerships or the Lynnway Auto Auction is to prevent employees from appropriating vehicles at discounted wholesale prices, selling to

4

customers at higher markup prices, and then keeping the profit for themselves (and not the dealership).

14.     Defendant Smith, a former General Sales Manager of Chambers Infiniti who was fired for his actions giving rise to this complaint, has worked in the automotive industry for his entire career spanning more than twenty (20) years, and had been employed by Chambers Infiniti since October 1, 2009.

15.     As a General Sales Manager, Defendant Smith was placed in a position of trust at the dealership and had full knowledge and understanding of the processes by which Chambers Infiniti sold cars directly to customers and, alternatively, wholesaled vehicles solely to authorized dealerships and to the Lynnway Auto Auction. Defendant Smith also knew how the billing and financing of each process worked. As a General Sales Manager, Defendant Smith had full access to the Certificates of Title for every vehicle on Chambers Infiniti's dealership lot.

**b.     Chambers Infiniti Discovers Defendants' Unlawful Scam**

16.     On or about April 5, 2012, Chambers Infiniti learned of a discrepancy in one of Defendant Smith's sales regarding the improper structuring of cash payments.

17.     On or about April 9, 2012, Bradford A. Gomes, Director of Operations for The Herb Chambers Companies, questioned Defendant Smith about this discrepancy. Defendant Smith admitted that he had improperly structured a cash transaction, and was immediately fired and escorted off Chambers Infiniti's premises.

18.     On April 10, 2012, an employee of Chambers Infiniti discovered that a 2004 Hummer H2 was missing from the plaintiff's dealership lot, and contacted Defendant Smith about its location. Later that day, Defendant Smith and/or his attorney informed Chambers Infiniti that Defendant Smith had improperly wholesaled the Hummer to Defendant Parinejad at

Defendant Webster Auto Sales, an _un_authorized used-car dealer.  Defendant Smith and/or his attorney informed Chambers Infiniti that this was the only car Defendant Smith had wholesaled.

19.     Chambers Infiniti then commenced an effort to understand the scope of any wrongdoing by Defendant Smith. To that end, to date it has reviewed its accounts to determine the extent of Smith's improper actions and whether this was an isolated incident. Despite Defendant Smith's assurance that this was an isolated incident, Chambers Infiniti's review, which remains ongoing, has revealed numerous instances of improper wholesaling by Defendant Smith.

20.     Chambers Infiniti discovered, for example, that at least three of its vehicles have been wholesaled to Defendant Webster Auto by Defendant Smith, but Chambers Infiniti never received any compensation from any source whatsoever for these vehicles.  These vehicles consist of the following:

a.     2004 Hummer H2 (VIN: 5GRGN23U14H106389) at cost of $15,612.50;

b.     2005 Subaru Legacy (VIN: 4S3BL676054204228) at cost of $9,885; and

c.     2003 Infiniti G35X (VIN: JNKCV51E93M016229) at cost of $6,485.

21.     These three vehicles have a cost value to Chambers Infiniti totaling a $31,982.50.

22.     Chambers Infiniti thereafter learned that these three vehicles are still in the possession of Defendant Parinejad and/or Defendant Webster Auto.

23.     On April 11, 2012, Mr. Gomes spoke with an individual at Defendant Webster Auto Sales, who confirmed that Defendant Parinejad and/or Defendant Webster Auto Sales purchased the three above-referenced vehicles.  By email and letter that same day, Mr. Gomes requested that these three vehicles be immediately returned to Chambers Infiniti.  See letter from Mr. Gomes, dated April 11, 2012 (attached as *Exhibit 4*).  Defendant Webster Auto Sales refused to return the vehicles.

6

c.    **April 16th Meeting**

24.    On April 16, 2012, Defendant Smith, accompanied by legal counsel voluntarily appeared for a meeting with Mr. Gomes and others. The purpose of the meeting was to allow Chambers Infiniti to determine the full extent of the harm caused by Defendant Smith.

25.    At that meeting, Defendant Smith described in detail the process by which he, with the substantial assistance of the other Defendants, entered into numerous transactions in an effort to take for themselves and from Chambers Infiniti thousands of dollars. Defendant Smith described how he would wholesale vehicles to his co-Defendants in knowing violation of Chambers Infiniti's company policy in return for cash payments made directly to Defendant Smith or for checks paid directly to Defendant Smith in his personal capacity which he deposited into his personal bank account. Defendant Smith described how his co-Defendants knew from the Certificates of Title that he was not the actual owner of the vehicles but nevertheless paid him personally. Defendant Smith described how he would then provide the other Defendants with the wholesaled vehicles and with a certificate of title showing a sale from Chambers Infiniti (not Defendant Smith) to the other Defendants. Defendant Smith would subsequently repay Chambers Infiniti in cash or with a cashier's check with the proceeds from his latest unlawful transaction in order to mask the scheme but the amounts would not include the profit from the resale of the vehicle as that profit was taken by his co-Defendants.

26.    According to Defendant Smith, Defendant Parinejad knew that Chambers Infiniti did not wholesale cars to used-car dealers because of Chambers Infiniti's well-known policy against wholesaling to anyone other than an authorized dealership or the Lynnway Auto Auction.

27.    In the end, Defendants Parinejad, Webster Auto Sales, Castro, and Olympics Towing each paid discounted wholesale prices directly to Smith, but received vehicles with

Certificates of Title in the name of Chambers Infiniti, to whom they did not make payment. Defendants Parinejad, Webster Auto Sales, Castro, and Olympics Towing would then resell the vehicles that they "purchased" at wholesale prices for a profit to customers, thereby unlawfully generating a profit for themselves to the detriment of the Chambers Infiniti. Upon information and belief, these Defendants further kicked back additional funds to Smith, although he denies that this took place.

28.     At the April 16th meeting, Defendant Smith stated that he wholesaled vehicles in this manner approximately 12 to 18 times since approximately November 2010. Defendant Smith stated that he mostly wholesaled vehicles to Defendant Parinejad at Defendant Webster Auto Sales, and some to Defendant Castro at Defendant Olympics Towing.

29.     At the April 16th meeting, Defendant Smith said he only earned "two to three hundred dollars" on each vehicle, and "sometimes did not even break even." He expressly denied any other involvement or connection with either Defendants Parinejad or Castro. He also expressly denied that Defendants Parinejad and Castro were in any way connected with each other.

30.     At the April 16th meeting, Defendant Smith confirmed that there were actually three vehicles (not just the one vehicle to which he had previously admitted) that he had wholesaled to Defendant Parinejad at Defendant Webster Auto Sales, and for which he had been unable to repay Chambers Infiniti in any amount.

31.     By email on April 16, 2012, Chambers Infiniti's counsel made another formal request, this time to counsel for Defendants Parinejad and Webster Auto Sales, that these three vehicles be immediately returned to Chambers Infiniti, and that any and all documents reflecting

8

transactions with Defendant Smith be preserved. See email from Attorney Cooper, dated April 16, 2012 (attached as *Exhibit 5*).

32.    By email on April 16, 2012, counsel for Defendants Parinejad and Webster Auto Sales refused to return the vehicles as requested, and instead stated that her clients would retain the vehicles. Id.

### d.    Subsequent Investigation Has Uncovered More Wrongdoing

33.    Defendant Smith's assurance that he had no other involvement with the other Defendants is directly contradicted by his own resume on file with Chambers Infiniti which indicates that, from February 2007 through today, he has been a partner in Great Road Auto Imports, a pre-owned car dealership that is owned and operated by Defendant Parinejad. See copy of Defendant Smith's curriculum vitae (attached as *Exhibit 6*); copy of Great Road Auto Import's 2011 Annual Report (attached as *Exhibit 7*).

34.    Despite Defendant Smith's claims that he only profited "two to three hundred dollars" on each vehicle, upon information and belief, Defendant Smith received a percentage of the profit generated from the final resale of the vehicles to the end customer.

35.    Despite Defendant Smith's claim that Defendants Parinejad and Castro are not connected, information received from the Lynnway Auto Auction reveals that both Defendants Parinejad and Castro purchased vehicles at the auction on behalf of Auto Annex Auto Sales in Everett, Massachusetts.

36.    A review of Chambers Infiniti's accounts and video tapes has also revealed that Defendant Smith may have stolen the Certificate of Title to an Infiniti G Coupe that was recently purchased from an individual and intended to be resold by Chambers Infiniti. Defendant Smith can be seen on surveillance video moving the vehicle after hours on Friday, April 6, 2012.

9

Neither the keys to this vehicle nor its Certificate of Title has been located since Defendant

Smith was fired on April 9, 2012, and he was the last person in possession of the keys.  Upon

information and belief, Defendant Smith intended on misappropriating this vehicle, but was fired

before he had the opportunity to do so.

37.    Upon information and belief, Smith also misappropriated one of Chambers

Infiniti's dealership designated dealership license plates, although he denies doing so.

### COUNT I:  BREACH OF CONTRACT
### (Chambers Infiniti v. Defendant Smith)

38.    Chambers Infiniti repeats and re-alleges each and every allegation above as if set

forth herein.

39.    Chambers Infiniti and Defendant Smith entered into a valid and enforceable

employment arrangement pursuant to which Smith was to provide his honest services to the

dealership.

40.    Defendant Smith breached the terms and conditions of his employment

arrangement with Chambers Infiniti through his conduct as set forth herein.

41.    As a result, Chambers Infiniti has suffered substantial damages in an amount to be

determined at trial.

### COUNT II:  CONVERSION
### (Chambers Infiniti v. Defendants Smith, Parinejad, Webster Auto, Castro, Olympics Towing)

42.    Chambers Infiniti repeats and re-alleges each and every allegation as if set forth

herein.

43.    Chambers Infiniti has lawful title to the vehicles that were unlawfully wholesaled

by Defendant Smith to Defendants Parinejad, Webster Auto, Castro, and Olympics Towing.

44.     Defendant Smith wholesaled vehicles to Defendants Parinejad, Webster Auto, Castro, and Olympics Towing, and personally received cash or checks made out to him personally in return for the vehicles.  Defendant Smith deposited these sums of money into his personal checking account.  By doing so, he converted those funds generated by the sale of these vehicles which belonged to Chambers Infiniti.

45.     Defendants Parinejad, Webster Auto, Castro, and Olympics Towing, after paying wholesale prices for vehicles directly to Defendant Smith, and thereby knowingly defrauding Chambers Infiniti, sold those vehicles to customers for significant profits.  Defendants Parinejad, Webster Auto, Castro, and Olympics Towing deposited these funds, which included profits generated from these sales, into their accounts.  By doing so, these Defendants converted those funds which belonged to Chambers Infiniti.

46.     Chambers Infiniti made demand on Defendants Parinejad and Webster Auto Sales for return of three identified vehicles that Defendant Smith wholesaled to them.  Chambers Infiniti has not been paid for these vehicles.  Defendants Parinejad and Webster Auto Sales have refused to return these vehicles to Chambers Infiniti.  By failing to return these vehicles, Defendants Parinejad and Webster Auto Sales have converted them unlawfully.

47.     As a result, Chambers Infiniti has suffered substantial damages in an amount to be determined at trial.

## COUNT III: FRAUD
**(Chambers Infiniti v. Defendants Smith, Parinejad, Webster Auto, Castro, Olympics Towing)**

48.     Chambers Infiniti repeats and re-alleges each and every allegation as if set forth herein.

11

49.     Defendant Smith, by engaging in unlawful wholesaling to the other defendants, engaged in intentional deceit by making false statements of material fact to Chambers Infiniti or omitting material facts necessary in order to make the statements not misleading with regard to improperly wholesaling vehicles owned by Chambers Infiniti.

50.     Defendant Smith knew or recklessly disregarded the falsity of his untrue statements or omissions of material fact. Defendant Smith intended that Chambers Infiniti rely on the falsity of the statements or omissions to continue to allow him to unlawfully wholesale vehicles to the other defendants. Chambers Infiniti was unaware of the falsity of Defendant Smith's representations and justifiably relied on them to its detriment.

51.     Defendants Parinejad, Webster Auto, Castro, and Olympics Towing, by engaging in unlawful wholesaling with Defendant Smith, engaged in intentional deceit by making or facilitating Smith's false statements of material fact or omitting material facts necessary in order to make the statements not misleading with regard to re-selling vehicles that they had unlawfully purchased from Defendant Smith.

52.     Defendants Parinejad, Webster Auto, Castro, and Olympics Towing knew or recklessly disregarded the falsity of their untrue statements or omissions of material fact. They intended others, including without limitation customers to whom they sold these vehicles, to rely on the falsity of the statements or omissions to allow them to re-sell these vehicles. Others, including without limitation customers who purchased these vehicles, justifiably relied on Defendants to the detriment of Chambers Infiniti.

53.     As a direct and proximate result of the defendants' material misrepresentations and omissions, Chambers Infiniti has been damaged in an amount to be determined at trial.

## COUNT IV:  CONSPIRACY
### (Chambers Infiniti v. Defendants Smith, Parinejad, Webster Auto, Castro, Olympics Towing)

54.   Chambers Infiniti repeats and re-alleges each and every allegation as if set forth herein.

55.   Defendant Smith unlawfully wholesaled vehicles to the other Defendants in violation of Chambers Infiniti's corporate policy.

56.   Defendants Parinejad, Webster Auto, Castro, and Olympics Towing unlawfully purchased these wholesaled vehicles from Defendant Smith, knowing it was improper for them to do so, and then re-sold these vehicles to customers at a higher markup price.

57.   Defendant Smith would receive a portion of the proceeds of the resale of the vehicles.

58.   The actions of Defendants Smith, Parinejad, Webster Auto, Castro, and Olympics Towing were part of a common and agreed upon unlawful scheme to purchase discounted vehicles at wholesale prices, and to then sell them to customers for profit for their own benefit and to the detriment of Chambers Infiniti.

59.   Each Defendant knew that the other Defendants' actions constituted a breach of duty and/or violation of law, but nonetheless substantially assisted, aided, abetted and encouraged each other's actions as part of a common agreement to commit a tortious act.

60.   As a direct and proximate result of the defendants' concerted actions, Chambers Infiniti has been damaged in an amount to be determined at trial.

### COUNT V:  BREACH OF FIDUCIARY DUTY/DUTY OF LOYALTY
### (Chambers Infiniti v. Defendant Smith)

61.   Chambers Infiniti repeats and re-alleges each and every allegation as if set forth herein.

13

62.     Defendant Smith breached his fiduciary duty and/or duty of loyalty to Chambers Infiniti through his actions/omissions alleged above including, without limitation, wholesaling vehicles to the other Defendants to the detriment of Chambers Infiniti.

63.     Defendant Smith's breaches of fiduciary duty and/or the duty of loyalty have caused Chambers Infiniti significant damages which Chambers Infiniti will prove at trial.

### COUNT VI:  BREACH OF GOOD FAITH AND FAIR DEALING
### (Chambers Infiniti v. Defendant Smith)

64.     Chambers Infiniti repeats and re-alleges each and every allegation as if set forth herein.

65.     Every contract contains an implied covenant of good faith and fair dealing.

66.     As a result of Defendant Smith's employment arrangement with Chambers Infiniti, Defendant Smith owed Chambers Infiniti an implied duty of good faith and fair dealing.

67.     Defendant Smith breached his duty of good faith and fair dealing to Chambers Infiniti through his actions/omissions alleged above including, without limitation, wholesaling vehicles to the other defendants to the detriment of Chambers Infiniti.

68.     Defendant Smith's breach of duty of good faith and fair dealing caused Chambers Infiniti significant damages which Chambers Infiniti will prove at trial.

### COUNT VII:  AIDING AND ABETTING
### (Chambers Infiniti v. Defendants Parinejad, Webster Auto, Castro, Olympics Towing)

69.     Chambers Infiniti repeats and re-alleges each and every allegation as if set forth herein.

70.     Defendants Parinejad, Webster Auto, Castro, and Olympics Towing had actual knowledge of Defendant Smith's breaches of duties to Chambers Infiniti, as described above, and

14

provided substantial assistance and encouragement to Defendant Smith in committing those breaches.

71.    These actions have caused Chambers Infiniti to suffer damages for which it is entitled to recover in an amount which Chambers Infiniti will prove at trial.

### COUNT VIII:  TORTIOUS INTERFERENCE
**(Chambers Infiniti v. Defendants Parinejad, Webster Auto, Castro, Olympics Towing)**

72.    Chambers Infiniti repeats and re-alleges each and every allegation as if set forth herein.

73.    Defendant Smith and Chambers Infiniti were parties to a valid and enforceable employment arrangement.

74.    Defendants Parinejad, Webster Auto, Castro, and Olympics Towing knew about the employment arrangement between Defendant Smith and Chambers Infiniti.

75.    By engaging in the acts and conduct described above, Defendants Parinejad, Webster Auto, Castro, and Olympics Towing intended to induce Defendant Smith into breaching the terms and conditions of his employment with Chambers Infiniti.

76.    Defendants Parinejad, Webster Auto, Castro, and Olympics Towing were not privileged to induce Defendant Smith into breaching the terms and conditions of his employment with Chambers Infiniti.

77.    As described above, Defendant Smith breached the terms and conditions of his employment with Chambers Infiniti.

78.    These actions have caused Chambers Infiniti to suffer damages in an amount which Chambers Infiniti will prove at trial.

15

## COUNT IX: VIOLATION OF G.L. C. 93A
### (Chambers Infiniti v. Defendants Parinejad, Webster Auto, Castro, Olympics Towing)

79.     Chambers Infiniti repeats and re-alleges each and every allegation as if set forth herein.

80.     Defendants Parinejad, Webster Auto, Castro, and Olympics Towing at all relevant times were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A.

81.     The actions and omissions of Defendants Parinejad, Webster Auto, Castro, and Olympics Towing, as set forth herein, constitute unfair and deceptive acts or practices in violation of G.L. c. 93A, sections 2 and 11. As described above and without limitation, their participation in aiding and abetting Smith's breaches of duties and violations of law, and the conspiracy among and between them, constitute a c. 93A violation.

82.     These unfair and/or deceptive acts and practices were committed knowingly and willfully, and constitute bad faith violations of G.L. c. 93A.

83.     As a result of the acts and practices described above, which were committed knowingly and willfully, Chambers Infiniti has sustained damages in an amount it will prove at trial.

WHEREFORE, Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston, requests that this Court grant the following relief:

    i.     Enter judgment in its favor on all counts of the respective claims for relief as set forth in the Verified Complaint above, with accompanying damages awarded in an amount to be proven at trial under applicable statutory and/or common law;

    ii.     Treble damages and award attorneys' fees in accordance with Massachusetts General Laws Chapter 93A;

16

iii.   Award pre- and post-judgment interest as allowed by law;

iv.   Award recoverable costs associated with this lawsuit; and

v.   Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston demands a jury trial

on all claims so triable.

Respectfully Submitted,

HERB CHAMBERS 1186, INC. d/b/a
HERB CHAMBERS INFINITI OF BOSTON,

By its Attorneys,

Howard M. Cooper (BBO # 543842)
Ian J. Pinta (BBO # 667812)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: April 20, 2012

## VERIFICATION

I, Bradford A. Gomes, am the Director of Operations for The Herb Chambers
Companies. I state under pains and penalties of perjury that I have read the foregoing Verified
Complaint and that the factual allegations contained therein are true and accurate.

Signed under the pains and penalties of perjury this 19th day of April 2012.

Bradford A. Gomes

17

*Ex 1*

192217



# CITY OF SOMERVILLE
## Commonwealth of Massachusetts

### Class 2 Used Car Dealer

License Expires <u>12/31/2012</u>

This is to certify that **Prestige Auto Imports Inc, dba Webster Auto Sales, 61 Prospect St,**

has been granted a/an **Class 2 Used Car Dealer** license in the City of Somerville at the above-listed address only (if an address is listed).

This license is issued subject to the provisions of the General Laws of the Commonwealth, and of all ordinances, regulations or conditions of the Board of Aldermen, including but not limited to any listed below.

Hours:  M-F 9-7, Sa 9-5, Su 12-5
Cars:  22
Cars in:  0
Cars out:  22
Specific Conditions:

Attest:

*John J Long*

John J. Long
City Clerk

*This license must be posted in a conspicuous place on the premises.*

EX 2

REDACTED

## The Commonwealth of Massachusetts

Filing Fee: $125.00
Late Fee: $25.00

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place - Room 1717, Boston, Massachusetts 02108-1512

### Annual Report for Domestic and Foreign Corporations
(General Laws Chapter 156D, Section 16.22; 950 CMR 113.57)

110013526

(1) Exact name of the corporation: PRESTIGE AUTO IMPORTS   INC

(2) Jurisdiction of incorporation: MASSACHUSETTS

(3) Street address of the corporation's registered office in the commonwealth (number, street, city or town, state, zip code):

78 TRUMAN RD                    NEWTON CENTER            MA 02459

(4) Name of the registered agent at the registered office:   REZA PARINEJAD

(5) Street address of the corporation's principal office (number, street, city or town, state, zip code):

61 PROSPECT STREET              SOMERVILLE               MA 02143

(6) Provide the names and addresses of the corporation's board of directors and its president, treasurer, secretary, and if different, its chief executive officer and chief financial officer.

| NAME | ADDRESS |
|---|---|
| President: REZA PARINEJAD | 78 TRUMAN RD        NEWTON CEN MA 02459 |
| Treasurer: AS ABOVE | AS ABOVE |
| Secretary: AS ABOVE | AS ABOVE |
| Chief Executive Officer: | |
| Chief Financial Officer: | |
| Directors: AS ABOVE | AS ABOVE |

(7) Briefly describe the business of the corporation:

USED CAR DEALERSHIP

REDACTED

(8-9) Capital stock of each class and series:

| CLASS OF STOCK | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS<br>Number of Shares | TOTAL ISSUED AND OUTSTANDING<br>Number of Shares |
|---|---|---|
| COMMON | 20000 | 100 |
| PREFERRED | | |

(10) Check if the stock of the corporation is publicly traded. ☐

(11) Report is filed for fiscal year ending: ___12___ ___31___ ___2010___
                                        (month)   (day)    (year)

Signed by: _____

☐ Chairman of the board of directors    ☒ President    ☐ Other officer    ☐ Court-appointed fiduciary

on this ___09___ day of __MARCH__ ___2011___

c158ds1822950c11357 11/23/09

REDACTED                              EX. 3

MA SOC  Filing Number: 201276667070    Date: 3/13/2012 12:16:00 AM



| The Commonwealth of Massachusetts | Minimum Fee: $100.00 |
| --- | --- |

**The Commonwealth of Massachusetts**
**William Francis Galvin**

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

## Annual Report
(General Laws, Chapter 156D, Section 16.22; 950 CMR 113.57)

**Federal Employer Identification Number:** _____

**1. Exact name of the corporation:** OLYMPICS TOWING, INC.     REDACTED

**2. Jurisdiction of Incorporation:**  State: MA   Country:

**3,4. Street address of the corporation registered office in the commonwealth and the name of the registered agent at that office:**

| | |
| --- | --- |
| Name: | GENANE G. CASTRO |
| No. and Street: | 134 NEWBURY ST. REAR |
| City or Town: | PEABODY   State: MA   Zip: 01960   Country: USA |

**5. Street address of the corporation's principal office:**

| | |
| --- | --- |
| No. and Street: | 134 NEWBURY ST. REAR |
| City or Town: | PEABODY   State: MA   Zip: 01960   Country: USA |

**6. Provide the name and addresses of the corporation's board of directors and its president, treasurer, secretary, and if different, its chief executive officer and chief financial officer.**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
| --- | --- | --- |
| PRESIDENT | GENANE G. CASTRO | 315 CHARGER ST., APT. 77<br>REVERE, MA 02151 USA |
| TREASURER | GENANE G. CASTRO | 315 CHARGER ST., APT. 77<br>REVERE, MA 02151 USA |
| SECRETARY | GENANE G. CASTRO | 315 CHARGER ST., APT. 77<br>REVERE, MA 02151 USA |
| DIRECTOR | GENANE G. CASTRO | 315 CHARGER ST., APT. 77<br>REVERE, MA 02151 USA |

**7. Briefly describe the business of the corporation:**

TOWING SERVICES

**8. Capital stock of each class and series:**

| Class of Stock | Par Value Per Share<br>Enter 0 if no Par | Total Authorized by Articles<br>of Organization or Amendments<br>Num of Shares | Total Par Value | Total Issued<br>and Outstanding<br>Num of Shares |
| --- | --- | --- | --- | --- |
| CWP | $1.00000 | 15,000 | $15,000.00 | 0 |

**9. Check here if the stock of the corporation is publicly traded:** _____

10. Report is filed for fiscal year ending: 12/31/ 2011

Signed by   GENANE G. CASTRO , its   PRESIDENT
on this 13 Day of March, 2012

© 2001 - 2012 Commonwealth of Massachusetts
All Rights Reserved

# THE HERB CHAMBERS
## COMPANIES
### JENNINGS ROAD MANAGEMENT CORP.

April 11, 2012

VIA UPS Overnight and
email to websterautosales@rcn.com

Mr. Ray Parinejad
Webster Auto Sales
61 Prospect Street
Somerville, MA 02143

Dear Mr. Parinejad;

Please be informed that Herb Chambers Infiniti of Boston has discovered that the following
vehicles have been unlawfully removed from the dealership and are currently being offered for
sale on your website www.websterusedcars.com:

- 2004 Hummer H2, Vin: 5GRGN23U14H106389
- 2005 Subaru Legacy, Vin: 4S3BL676054204228
- 2003 Infiniti G35X, Vin: JNKCV51E93M016229

As we discussed in our telephone conversation at 2:50pm today, the Hummer is currently located
at a lot which appears to be owned by J.C. Auto Repairs, 91 Prospect St., Somerville MA.
According to "Louie" at J.C Auto Repairs, the vehicle belongs to you. In our conversation you
agreed that it was yours and told me you would look into it and get back to me.

Our legal counsel will be in touch shortly, but we demand that the above referenced vehicles be
returned to us immediately and, at a minimum, not be transferred off your lot.

Thank you.

Bradford A. Gomes
Director of Operations
The Herb Chambers Companies

259 McGrath Highway * P.O. Box 45432 * Somerville, MA 02145-0004 * Tel 617-666-8333 * Fax 617-666-8448
www.herbchambers.com

*EX. 5*

Pinta, Ian

| | |
|---|---|
| **From:** | Cooper, Howard |
| **Sent:** | Monday, April 16, 2012 2:49 PM |
| **To:** | 'skatsenes@aol.com' |
| **Cc:** | 'Brad Gomes'; jxaros@herbchambers.com; Pinta, Ian |
| **Subject:** | RE: The Herb Chambers Companies/Webster Auto Sales, Inc. d/b/a Webster Used Car Sales and Reza Parinejad |

Ms. Katsenes –

Thank you for responding on a holiday.

It is very disappointing that your client refuses to return the vehicles as requested. It is my understanding that your client wrote numerous checks and made payments to Donald Smith personally, and not the dealership (which the documents made clear owned the vehicles your client was purchasing). I further understand that your client was well aware that the dealership did not wholesale used vehicles. Last, I understand that your client made a significant profit on the sale of vehicles purchased from Mr. Smith.

If your client believes that this information is not correct, and wishes to provide documents supporting its professed good faith, then I invite it to do so through you. Obviously we cannot compel your client's cooperation, but it would certainly be very welcome.

Thank you.

Howard Cooper

Howard M. Cooper

**TODD & WELD LLP**
28 State Street
Boston, MA 02109
T 617-720-2626
F 617-227-5777
www.toddweld.com

Please consider the environment before printing this email.

**From:** skatsenes@aol.com [mailto:skatsenes@aol.com]
**Sent:** Monday, April 16, 2012 2:28 PM
**To:** Cooper, Howard
**Subject:** Re: The Herb Chambers Companies/Webster Auto Sales, Inc. d/b/a Webster Used Car Sales and Reza Parinejad

Mr. Cooper -

Whatever vehicles my client purchased, he did so in good faith, without any involment in any effort to defraud the dealership, as you allege. As I previoulsy informed you, Mr. Parinejad will continue to hold the 3 vehicles and not offer them for sale.

Rest assured, there will be no destruction of any records. However, given your accusations and the tone of your email, neither will there be any cooperation from me with respect to producing those records.

1

Sylvia Katsenes

-----Original Message-----
From: Cooper, Howard <hcooper@toddweld.com>
To: Sylvia Katsenes (skatsenes@aol.com) <skatsenes@aol.com>
Cc: 'Brad Gomes' <bgomes@herbchambers.com>; jxaros <jxaros@herbchambers.com>; Pinta, Ian
<ipinta@toddweld.com>
Sent: Mon, Apr 16, 2012 12:39 pm
Subject: The Herb Chambers Companies/Webster Auto Sales, Inc. d/b/a Webster Used Car Sales and Reza Parinejad

Ms. Katsenes --

We have had an opportunity to investigate further the matter of the unlawful removal of vehicles from the Herb Chambers dealership. While we continue to try and understand the scope of what has taken place here over the past year plus time period, based upon what we have learned to date it is now apparent  that your client took title to, and possession of, numerous vehicles owned by The Herb Chambers Companies yet did not make payment to the appropriate entity reflected on the title and related documents. Instead, payment was made by cash or check to Donald Smith personally. There can be no excuse or explanation for this other than your client being fully complicit in an effort to defraud the dealership.

My client hereby demands that the 3 vehicles which you have confirmed currently remain in your client's possession (the VIN numbers for which have been supplied to your client via letter) be returned to the Herb Chambers dealership by 5 pm today. Please confirm by return email that this will happen today. My client further demands that all documents related to any and all transactions between your client and Mr. Smith be preserved.

All rights reserved.

Thank you.
Howard Cooper

Howard M. Cooper

**Todd & Weld** LLP
28 State Street
Boston, MA  02109
t  617-720-2626
f  617-227-5777
www.toddweld.com

Please consider the environment before printing this email.

---

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any

dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

*EX. 6*

# Donald A. Smith

48 KENT STREET #1
BROOKLINE, MA. 02445
E-mail:dons92560@aol.com

Phone: 617-304-6859
Mobile: 617-304-6859

## GENERAL MANAGER – AUTOMOTIVE INDUSTRY
*Emerging Automotive Dealerships / Automotive Consultant / Business Professional*

Dynamic and competitive automotive management professional with over 20 years experience in retail/wholesale automotive environment. Imaginative and innovative individual with proven management, sales, advertising, marketing and new business development skills set. A history of significant profit, volume and customer satisfaction achievements, which illustrate the ability to combine cost control, revenue growth and process improvements through effective staff training and motivation.

| | | |
|---|---|---|
| **STRATEGIC PLANNING** | **TEAM-BUILDING** | **MARKET ANALYSIS** |
| **BUDGETING/FINANCE** | **STAFF DEVELOPMENT** | **NEW/USED VEHICLES** |
| **RETAIL SITE DEVELOPMENT** | **PROFITABILITY IMPROVEMENT** | **ADVERTISING & MARKETING** |

## PROFESSIONAL EXPERIENCE

**GREAT ROAD AUTO IMPORTS**      **DEALER/PARTNER**      February 2007- Present

Partner of a pre-owned car dealership in Acton Massachusetts, currently selling 250 PRE OWNED units per year with an average front end gross of $2209 per unit. Responsible for maintaining 3 dealership web sites (cars.com, autotrader.com and our own web site) as well as maintain schedule of 2 sales employees. Maintain, recondition and repair an inventory of 40-50 pre own units.

**HERB CHAMBERS TOYOTA of BOSTON**      MAY 2006- FEBRUARY 2007

### GENERAL MANAGER

**Herb Chamber Motor Group is the 6th Largest privately owned group in the country with 42 stores in New England.**
Directly responsible for overall profitability of a Metro-Boston Toyota dealership increasing sales from the low 100's to low 200's within a few months. My last month TOB finished 15 of 79 in New England for sales. Redefined and implement a new delivery system that resulted in Sales CSI increasing from solid red to overall green. I oversaw and controlled all daily operations, policy implementation, advertising/promotions and strategic direction. With help from corporate fixed operations and sales directors set and administer budgets. Helped recruit, hire and motivate a sales staff of 22 salespeople, key management and support personnel for sales, finance and insurance, service and parts departments; evaluate overall and individual performance, and devise and implement proactive management training processes. Establish departmental goals with management team, which are based on exceeding the expectations of customers through continuously improving products and services. Provide an environment of mutual trust and respect and demand the highest ethical standards from staff and management. Achieved our monthly **TOYOTA** sales objectives 8 of 9 months and achieved our parts objectives all months.

**COLONIAL AUTOMOTIVE GROUP**                    December (1991/2001)-(2001/2004)

*Colonial Automotive Group dealership sells (8650) new and used vehicles and markets a complete line of aftermarket automotive products and services.  CAG operates 13 franchises in Massachusetts*

### General Manager

Directly responsible for overall profitability of a Metro-Boston, Chrysler. Jeep Dealership which generates more than $14 million annually in sales revenues.  Define and implement long and short-term objectives; oversee and control all daily operations, policy implementation, advertising/promotions and strategic direction.  Set and administer budgets; initiate cost controls to ensure profitability.  Recruit, hire and motivate a staff of 23 including key management and support personnel for sales, finance and insurance, service and parts departments; evaluate overall and individual performance, and devise and implement proactive management training processes.  Establish departmental goals with management team, which are based on exceeding the expectations of customers through continuously improving products and services.  Provide an environment of mutual trust and respect and demand the highest ethical standards from staff and management.

* Recruited to revitalize dealership that had been in an annual loss situation.  Reduced losses the first year quarter of 2006.
* Successful in hiring, motivating and retaining quality personnel by creating a positive work environment, resulting in increased employee retention and excellent customer satisfaction.  Created and implemented a comprehensive employee satisfaction program and benefit package.
* Reduced total expenses by correcting cash-flow problems, improving inventory turnover, and upgrading facilities to enhance energy savings and environmental compliance.
* Create and design all advertising and marketing campaigns; knowledgeable in all media venues with expertise in print and electronic marketing.  Demonstrated experience in e-commerce initiatives.
* Perform annual budgeting, including capital requirements, and implement weekly forecasting and reporting.

### Donald A. Smith

**Natick Subaru.**  Natick, Massachusetts                    2003/2005.

### General Manager/Operator

Directly responsible for the dealerships overall profitability. Management of the Sales, Service and parts departments of the #3 Subaru Dealership in New England. Dealer relocated to Florida thus entire responsibility of all day to day operations. Redefined the dealerships short-termed objectives and goals. Set and administered budgets while initiating cost controls to ensure profitability. Recruited, hired, and motivated a staff of 29 including key management and support personnel for sales, finance and insurance, service and parts departments.  Evaluated overall store and individual performance devised and implemented proactive management training processes. Established each department's goals with the management team. These were based on exceeding the expectations of customers through continuously improving training, product knowledge, and improved on exceeding the expectations of customers through continuously improving training, product knowledge, and improved services. Provided a safe and harmonious working environment for all employees and customers.

| | |
|---|---|
| **Colonial Volkswagen Westborough, Massachusetts** | 2001/2003 |
| General Manager | |
| **Colonial South Chevrolet Fall River, Massachusetts** | 1993/1994 |
| General Manager | |
| **Cityside Subaru Arlington, Massachusetts** | 1994/1996 |
| General Sales Manager | |
| **Colonial Chevrolet Acton, Massachusetts** | 1991/1993 |

**Subaru of New England** Norwood, Massachusetts                    1996/2001

Regional Sales Manager

Hired and trained a staff of 5 District Sales Managers the helped the 61 New England Subaru dealerships and deal principals become the most successful and profitable Subaru dealers in the United States. Established regional sales quotas, district sales goals as well as each dealerships sales quotas. Maintained contact with all sixty Subaru dealer principal/operators regarding all faucets of the New England sales environment while acting as the liaison with the Subaru of New England Dealer Counsel. Directed and supported the allocation of vehicles to the New England dealer base as well as accessories and after sell Products. Consistently the number 1 region in the United States with Subaru Sales.

District Sales Manager

Responsible for the 13 district 4 Subaru Dealerships sales objectives, CSI levels, Allocation, and financial Statement review. Maintained contact with the General Manager and Dealers regarding each dealerships quotas and performance. Consulted with the dealer operators on Subaru of America's policies and protocol, as well as a monthly summary of each dealership's profitability.

Donald A. Smith

## REFERENCES

PATRICK BROWNE
COO
COLONIAL AUTOMOTIVE GROUP
617-413-3322

PAUL RICHARDS
FIXED OPERATIONS CONSULTANT
COLONIAL AUTOMOTIVE GROUP
CHAMBER GROUP        978 807 6138

RICHARD WHITE
DEALER
CITYSIDE SUBARU
781 641 1900

DOUG JOHNSON
FORMER TOYOTA USA
HERB CHAMBERS
508 269 4767

LEE WEISBERG
FORMER DEALER NATICK
PRESIDENT S.N.E. DEALER COUNSEL
561-512-8687

FINN KEANELLY
DSM TOYOTA 1 AND 4
774-273-0315

WILLIAM McConnell
FORMER DEALER
METROWEST DODGE
617 799 5382

Howie Reske
HERB CHAMBERS
GROUP GENERAL MANAGER
617 739 6600

LARRY GORDON
DEALER
COLONIAL AUTOMOTIVE GROUP
978 263 1000

PHILLIP PORTER
DEALER
SUBARU OF JACKSONVILLE
904 641-6456

REZA PEREINAJAD
DEALER/PARTNER
GREAT ROAD AUTO IMPORTS
617 593 6551

ROBERT LEVENSON
GM
VILLAGE HONDA
781 696 0925

DON MARINO
GM
SUBARU,L-M, MAZDA OF SANTA MONICA
310 319 3603

REDACTED

*EX 7*

**DF**

## The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place - Room 1717, Boston, Massachusetts 02108-1512

Filing Fee: $125.00
Late Fee: $25.00

Annual Report for Domestic
and Foreign Corporations
(General Laws Chapter 156D, Section 16.22; 950 CMR 113.57)

*0000353 019146*
*00 8 019146*

(1) Exact name of the corporation: GREAT ROAD AUTO IMPORTS INC

(2) Jurisdiction of incorporation: MASSACHUSETTS

(3) Street address of the corporation's registered office in the commonwealth (number, street, city or town, state, zip code):

*78 Truman Newton MA 02459*

(4) Name of the registered agent at the registered office: REZA PARINEJAD

(5) Street address of the corporation's principal office (number, street, city or town, state, zip code):

140  GREAT ROAD                    ACTON                         MA 01720

(6) Provide the names and addresses of the corporation's board of directors and its president, treasurer, secretary, and if different, its
executive officer and chief financial officer.

| NAME | ADDRESS |
|------|---------|
| President:  REZA PARINEJAD | 78 TRUMAN       NEWTON CEN MA 02459 |
| Treasurer:  REZA PARINEJAD | 78 TRUMAN       NEWTON CEN MA 02459 |
| Secretary:  REZA PARINEJAD | 78 TRUMAN       NEWTON CEN MA 02459 |
| Chief Executive Officer: | |
| Chief Financial Officer: | |
| Directors:  REZA PARINEJAD | 78 TRUMAN       NEWTON CEN MA 02459 |

*SECRETARY OF THE COMMONWEALTH CORPORATIONS DIVISION 2011 JAN 10*

(7) Briefly describe the business of the corporation:

USED CAR DEALERSHIP

(8-9) Capital stock of each class and series:

| CLASS OF STOCK | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS Number of Shares | TOTAL ISSUED AND OUTSTANDING Number of Shares |
|---|---|---|
| COMMON | 20000 | 100 |
| PREFERRED | | |

(10) Check if the stock of the corporation is publicly traded. ☐

(11) Report is filed for fiscal year ending:   12 (month)    31 (day)    2010 (year)

Signed by: _____

☐ Chairman of the board of directors    ☒ President    ☐ Other officer    ☐ Court-appointed fiduciary

on this _____ 03 _____ day of _____ JANUARY _____    2010

c156ds1822950c11357 11/23/09

2

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF  SUFFOLK | DOCKET NO  12-1515 |
|---|---|---|

| PLAINTIFF(S) HERB CHAMBERS 1186, INC. d/b/a HERB CHAMBERS INFINITI OF BOSTON | DEFENDANT(S) DONALD A. SMITH, JR., PRESTIGE AUTO IMPORTS, INC. d/b/a WEBSTER AUTO SALES, REZA PARINEJAD, OLYMPICSTOWING, INC. and GENANE |
|---|---|

| Plaintiff Atty  Howard M. Cooper | Type Defendant's Attorney Name |
|---|---|
| Address    Todd & Weld LLP    28 State Street, 31st Floor | Defendant Atty |
| City    Boston    State  MA  Zip Code  02109 | Address |
| Tel    +1 (617) 720-2626    BBO#  543,842 | City    State    Zip Code |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO.        TYPE OF ACTION (specify)        TRACK | IS THIS A JURY CASE? |
|---|---|
| B99 Other Tort (specify) - Fast Track | [  ] Yes  [ ✓ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
1.   Total hospital expenses
2.   Total doctor expenses
3.   Total chiropractic expenses
4.   Total physical therapy expenses
5.   Total other expenses (describe)                                    Subtotal

B.   Documented lost wages and compensation to date
C.   Documented property damages to date
D.   Reasonably anticipated future medical expenses
E.   Reasonably anticipated lost wages and compensation to date
F.   Other documented items of damages (describe)                      $ 100,000

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

          misappropriated vehicles

                                                                   Total $ 100,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                   TOTAL    $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
                                          no

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.
Signature of Attorney of Record _____    Date  4/20/12
A.O.S.C. 3-2007

I HEREBY ATTEST AND CERTIFY ON
Aug. 7, 2013
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By _____
    Asst. Clerk



NOTIFY

NOTIFY

√ 5/4

**3**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

---

HERB CHAMBERS 1186, INC. d/b/a
HERB CHAMBERS INFINITI OF BOSTON,

    Plaintiff,

    v.

DONALD A. SMITH, JR., PRESTIGE AUTO
IMPORTS, INC. d/b/a WEBSTER AUTO
SALES, REZA PARINEJAD, OLYMPICS
TOWING, INC. and GENANE G. CASTRO,

    Defendants,

    v.

BANK OF AMERICA

    Trustee Process Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 12-1515 B

Notice sent
4/26/2012
H. M. C.
T. & W.
S. K.
K. & K.

    (sc)

Notice sent
5/07/2012
H. M. C.
T. & W.
S. K.
K. & K.

    (sc)

2012 APR 20 AM10: 50

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

SUFFOLK SUPERIOR COURT
DEPARTMENT
COPY ATTEST

### PLAINTIFF'S *EX PARTE* MOTION FOR PRE-JUDGMENT REAL ESTATE ATTACHMENT, TRUSTEE PROCESS ATTACHMENT AND TEMPORARY RESTRAINING ORDER

Pursuant to Massachusetts Rules of Civil Procedure 4.1, 4.2 and 65, as well as G.L. c.

246, the plaintiff, Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston ("Chambers

Infiniti") hereby respectfully moves ex parte and on an emergency basis for the following pre-

judgment security: a real estate attachment in the amount of $85,934 and a trustee process

attachment in the amount of $85,934 against each Defendant – Donald A. Smith, Jr. ("Defendant

Smith"); Reza Parinejad ("Defendant Parinejad"), President of Prestige Auto Imports, Inc. d/b/a

Webster Auto Sales ("Defendant Webster Auto Sales"); and Genane Castro ("Defendant

Castro"), President of Olympics Towing, Inc. ("Defendant Olympics Towing").  Plaintiff also

1

respectfully moves for a temporary restraining order preventing the sale or transfer of three misappropriated vehicles which are currently in the possession of Defendants Parinejad and Webster Auto Sales.

As set forth in the Verified Complaint, this action arises from a just uncovered illegal and fraudulent scheme of the Defendants, who unlawfully appropriated used vehicles from Chambers Infiniti via unauthorized purchases at discounted prices in exchange for direct payment to a corrupt (now former) Chambers Infiniti manager. Rather than repeat the facts here, Chambers Infiniti respectfully refers the Court to the Verified Complaint. Chambers Infiniti notes here only that, except where noted otherwise, the facts set forth therein have been admitted by its former employee in the presence of his legal counsel.

Chambers Infiniti seeks pre-judgment security here but does not seek to be over-secured. Chambers Infiniti concedes that it does not yet know the full extent of its damages, but nevertheless can document losses in an amount of at least $85,934 (not including multiple damages, attorney fees or costs):

- $31,982.50 - loss of three vehicles which have been taken from its dealership with no payment to it);

- $14,982.50 - the expected profit on the sale of these three vehicles as indicated by Defendant Webster Auto's advertised retail price for these three vehicles; and

- $38,969 - the estimated profit Chambers Infiniti would have made on another 19 vehicles had they not been misappropriated by the Defendants.

See Schedule of Damages, attached to accompanying Memorandum of Law as *Exhibit A*.

Defendants Webster Auto and/or Parinejad are still in possession of the three vehicles for which Chambers Infiniti has not received payment. Chambers Infiniti demanded that those

Defendants return the subject vehicles to Chambers Infiniti to no avail (although counsel has represented the vehicles will not be sold during the pendency of this lawsuit).

As further grounds therefore, Chambers Infiniti refers the Court to the accompanying memorandum of law and the Verified Complaint submitted herewith.

WHEREFORE, Chambers Infiniti respectfully seeks a real estate attachment in the amount of $85,934, trustee process attachment in the amount of $85,934, and a temporary restraining order enjoining the Defendants from transferring the three identified vehicles. A Proposed Order is attached as _Exhibit A_.

Respectfully Submitted,

HERB CHAMBERS 1186, INC. d/b/a
HERB CHAMBERS INFINITI OF BOSTON,

By its Attorneys,

Howard M. Cooper (BBO # 543842)
Ian J. Pinta (BBO # 667812)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

I HEREBY ATTEST AND CERTIFY ON
Aug. 7, 2013 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By.
Asst. Clerk

Dated: April 20, 2012

*EX A*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

HERB CHAMBERS 1186, INC. d/b/a )
HERB CHAMBERS INFINITI OF BOSTON, )
)
Plaintiff, )
)            C.A. No.
v. )
)
DONALD A. SMITH, JR., PRESTIGE AUTO )
IMPORTS, INC. d/b/a WEBSTER AUTO )
SALES, REZA PARINEJAD, OLYMPICS )
TOWING, INC. and GENANE G. CASTRO, )
)
Defendants, )
)
v. )
)
BANK OF AMERICA )
)
Trustee Process Defendant. )

## PROPOSED ORDER

After an *ex parte* hearing on _____, 2012, on Chambers Infiniti's *Ex Parte*

Motion for Real Estate Attachment, Trustee Process Attachment, and Temporary Restraining

Order, this Court finds that there is a reasonable likelihood that Chambers Infiniti will recover

judgment, including interest and costs, in an amount equal to or greater than $85,934 against the

Defendants in the above-captioned matter.  The Court further finds that there is a clear danger

that the Defendants, if notified in advance of attachment of the property, will convey it, remove

it from the state or conceal it, and/or there is a clear danger that the Defendants, if notified in

advance of the attachment on trustee process, will withdraw the goods or credits from the hands

and possession of the trustee and remove them from the state or will conceal them, or there is

1

immediate danger that the Defendants will dissipate the credits, or damage or destroy the goods to be attached by trustee process.

Accordingly, the Court hereby orders the following:

1. The entry of a writ of attachment in the amount of $85,934 on Defendant Parinejad's real property located at 78 Truman Road, Newton, Massachusetts (Quitclaim Deed at Bk: 46647 Pg: 336-337);

2. The entry of a writ of attachment in the amount of $85,934 on Defendant Smith's real property located at 8 Juniper Road, Upton, Massachusetts (Quitclaim Deed at Bk: 44244 Pg: 77-78);

3. The entry of a trustee process attachment of $85,934 on **any and all** Bank of America accounts (checking, savings or otherwise) owned by Defendants Parinejad, Prestige Auto Imports, and/or Webster Auto Sales;

4. The entry of a trustee process attachment of $85,934 on **any and all** Bank of America accounts (checking, savings or otherwise) owned by Defendant Smith; and

5. Defendants Webster Auto Sales and Parinejad may not sell, auction, trade, consign or otherwise transfer the following vehicles without the express, written permission of plaintiff:  2004 Hummer H2 (VIN: 5GRGN23U14H106389); 2005 Subaru Legacy (VIN: 4S3BL676054204228); and 2003 Infiniti G35X (VIN: JNKCV51E93M016229).

So ordered.

_____
(                            , J.)

Date: _____, 2012

2





## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| HERB CHAMBERS 1186, INC. d/b/a<br>HERB CHAMBERS INFINITI OF BOSTON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD A. SMITH, JR., PRESTIGE AUTO<br>IMPORTS, INC. d/b/a WEBSTER AUTO<br>SALES, REZA PARINEJAD, OLYMPICS<br>TOWING, INC. and GENANE G. CASTRO,<br><br>Defendants,<br><br>v.<br><br>BANK OF AMERICA<br><br>Trustee Process Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.  12-1515<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston moves that

the Court specially appoint Thomas Savage and/or Disinterested Parties, Inc., 427 Neck Street,

Weymouth, Massachusetts, and/or Simmons Agency, 190 High Street, Boston, Massachusetts,

qualified persons over the age of 18 who are not parties to this action, to serve upon Bank of

America and/or its respective registered agent and/or counsel the subpoena in this action and all

other process in this action.

1

As grounds for this motion, Plaintiff states that special appointment of a process server will allow for speedier and less expensive service of process.

I HEREBY ATTEST AND CERTIFY ON
Aug. 7, 2013, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
By:
        Asst. Clerk

Respectfully Submitted,

HERB CHAMBERS 1186, INC. d/b/a
HERB CHAMBERS INFINITI OF BOSTON,

By its Attorneys,

Howard M. Cooper (BBO # 543842)
Ian J. Pinta (BBO # 667812)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: April 20, 2012

2