UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERB CHAMBERS 1186, INC. d/b/a<br>HERB CHAMBERS INFINITI OF BOSTON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD A. SMITH, JR., PRESTIGE AUTO<br>IMPORTS, INC. d/b/a WEBSTER AUTO<br>SALES and REZA PARINEJAD<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   13-cv-11798-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 AND RULE 26(f)

On October 1, 2013, counsel for Plaintiff Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston ("Chambers Infiniti"), counsel for Defendant Donald A. Smith Jr., and counsel for Defendants Prestige Auto Imports, Inc. d/b/a/ Webster Auto Sales ("Webster Auto") and Reza Parinejad met and conferred pursuant to Federal Rule of Civil Procedure 26(f)(1) and Local Rule 16.1(d). Having so met and conferred, the parties jointly propose a case management plan as set forth below.

I.   **AGENDA OF MATTERS TO BE DISCUSSED AT THE RULE 16 SCHEDULING CONFERENCE SCHEDULED FOR OCTOBER 22, 2013**

    1.   Overview of the case

    2.   Timing & Scope of discovery

    3.   Pretrial schedule and trial date

    4.   Alternative dispute resolution under Local Rule 16.4

    5.   Length of trial

1

## II.   OVERVIEW OF THE CASE

### a.   General Background

Herb Chambers 1186, Inc. d/b/a Herb Chambers Infiniti of Boston is a car dealership located in Boston.  Donald Smith is a former Chambers Infiniti General Sales Manager.  Reza Parinejad is the President of Prestige Auto Imports, Inc., a used car dealership located in Somerville, Massachusetts.

On April 20, 2012, Plaintiff Chambers Infiniti filed a Verified Complaint in Suffolk Superior Court (C.A. No. 12-1515B) against Defendants Smith, Parinejad and Prestige Auto Imports, Inc. d/b/a Webster Auto Sales.[1]  On or about May 8, 2012, Parinejad and Webster Auto Sales filed an Answer to the Verified Complaint and a Cross-Claim against Smith.  On July 2, 2013, Chambers Infiniti filed an amended complaint which for the first time appended three (3) claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 *et seq.* against all Defendants in addition to the nine (9) state law claims already pending against them.  On or about July 29, 2013, Defendants filed their notice of removal and removed the action to this Court.  On July 31, 2013, Parinejad and Webster Auto Sales filed an Answer to Chambers Infiniti's First Amended Complaint, and filed Cross-Claims against Smith for indemnification, contribution and misrepresentation.

Chambers Infiniti alleges that the Defendants conspired to unlawfully misappropriate approximately twenty (20) used vehicles from Chambers Infiniti so as to enjoy for themselves the profit from the resale of the misappropriated vehicles to the public.  Parinejad and Webster Auto Sales deny the allegations asserted against them, maintain that they were good faith

---

[1] The Verified Complaint also asserted claims against Olympics Towing, Inc. and Genane Castro, both of whom have been dismissed from this action when they were not included as defendants in the First Amended Complaint.

purchasers of the vehicles, and dispute the amount of alleged damages.

The current causes of action asserted against the Defendants include the following:

- Count I – Breach of Contract (against Smith)
- Count II – Conversion (against all defendants)
- Count III – Fraud (against all defendants)
- Count IV – Conspiracy (against all defendants)
- Count V – Breach of Fiduciary Duty/Duty of Loyalty (against Smith)
- Count VI – Breach of Good Faith and Fair Dealing (against Smith)
- Count VII – Aiding and Abetting (against Parinejad and Webster Auto)
- Count VIII – Tortious Interference (against Parinejad and Webster Auto)
- Count IX – Violation of M.G.L. c. 93A (against all defendants)
- Count X – Violation of 18 U.S.C. §1962(a) (against all defendants)
- Count XI – Violation of 18 U.S.C. §1962(b) (against all defendants)
- Count XII – Violation of 18 U.S.C. §1962(c) (against all defendants)

b. <u>Injunction Concerning Three Vehicles and Other Prior State Court Orders</u>

On April 20, 2012 (the same day Chambers Infiniti filed its Verified Complaint in Suffolk Superior Court), Chambers Infiniti filed a motion to enjoin the sale or transfer of three vehicles that Chambers Infiniti claims Defendants misappropriated, but which Webster Auto Sales had not yet sold to the public. Defendants dispute that these three vehicles, which were purchased for $31,400, were misappropriated. The Superior Court (Fahey, J.) allowed Chambers Infiniti's motion and those three vehicles are still subject to that injunction.

Title to these three vehicles is now in the name of Webster Auto Sales but Plaintiff disputes ownership. Parinejad and Webster Auto Sales have proposed to the Plaintiff that Webster Auto Sales be able to sell the three vehicles at retail and place the proceeds from the sales into escrow. Plaintiff has refused to agree to allow Webster Auto Sales to sell the vehicles at retail, but has agreed in principle to have these three vehicles sold through an auction process and place the proceeds from the sale into escrow pending resolution of this action. To effectuate

that yet to be finalized agreement, the parties intend to jointly request that the Court dissolve the Superior Court's injunction concerning the three vehicles.

The Superior Court issued several other Orders, dated April 20, 2012, April 25, 2012, and April 17, 2013, granting certain prejudgment security against all Defendants.  Pursuant to 28 U.S.C. §1450, these prior State Court Orders remain in full force and effect until dissolved or modified by the District Court.  Defendants reserve their rights to seek modification or dissolution by this Court of any State Court Order issued in this action before removal.

## III.   TIMING & SCOPE OF DISCOVERY

The parties have conducted substantial discovery during pendency of the action in Superior Court.  Defendants Parinejad and Webster Auto Sales have been deposed, but their depositions have not been completed.  Parinejad and Webster Auto Sales' depositions, as well as Chambers Infiniti's Rule 30(b)(6) deposition, were scheduled to take place during the week of September 30, 2013, but all parties agreed to reschedule them because of this Court's Modified Discovery Order, dated September 23, 2013 (Docket No. 9), which ordered that no discovery other than initial disclosures and exchange of documents take place until further order of the Court.  The parties have exchanged written discovery and documents.  Chambers Infiniti has also received voluminous records from Defendants' financial institutions and other third-parties.  With the exception of certain deficiency issues alleged by Parinejad and Webster Auto Sales, the parties consider written discovery to be largely complete.  With respect to discovery that has already been served, therefore, the parties agree, subject to this Court's approval, that they should not be limited to the discovery limitations contained in Local Rule 26.1(c).

The parties believe that expert discovery may be appropriate in this case and have included in their Proposed Pretrial Schedule proposed dates for exchange of expert reports and expert depositions, if any.  The parties will meet and confer concerning further details of expert

discovery, including, for example, any proposed variations from the Federal Rules of Civil

Procedure as to the discoverability of expert materials, timing and limitations on expert

depositions, and the like.  The parties will submit to the Court by a date to be determined by the

Court a proposed stipulation concerning such matters, and, to the extent any disagreements

remain, will on that date simultaneously submit their proposals concerning such matters.

## IV.    PRETRIAL SCHEDULE AND TRIAL DATE

The parties jointly propose the following pre-trial schedule and trial date:

| DATE | EVENTS |
| --- | --- |
| 10/15/13 | Service of Rule 26(a) automatic disclosures |
| 10/23/13 | Parties may begin/continue with written discovery **and depositions** |
| 1/31/14 | Substantial completion of non-expert fact discovery and non-expert depositions |
| 2/28/14 | Disclosure of expert **witnesses and** exchange of expert reports, if any |
| 3/28/14 | Exchange of rebuttal expert reports, if any |
| 5/9/14 | Close of expert depositions and all discovery |
| 6/27/14 | Deadline for filing dispositive motions |
| 7/25/14 | Opposition briefs re: dispositive motions |
| 8/22/14 | Reply briefs re: dispositive motions |
| 10/10/14 | Final pre-trial conference |
| TBD | Trial date (to be set by court) |

## V.    ALTERNATIVE DISPUTE RESOLUTION

Defendants are willing to participate in alternative dispute resolution and have proposed

mediation to resolve this matter.  To date, Plaintiff has rejected Defendants' proposal because

Plaintiff does not believe that mediation will assist in resolving this matter.

## VI.    TRIAL

*Plaintiff's Statement*

Both parties have demanded a trial by jury.  Plaintiff Chambers Infiniti does **not** consent

to a trial before a magistrate judge, but does consent to a magistrate judge for all pretrial discovery motion practice.  Plaintiff anticipates a 1-week trial (full days).

*Defendant's Statement*

Defendants Parinejad and Webster do not consent to a trial before a magistrate judge at this time.

## VI.    CERTIFICATIONS PURSUANT TO LOCAL RULE 16.1(D)(3).

Local Rule 16.1(d)(3) certifications will be filed by each of the parties under separate cover.

Date: October 15, 2013

HERB CHAMBERS 1186, INC. d/b/a
HERB CHAMBERS INFINITI OF BOSTON,

By its attorneys,

REZA PARINEJAD AND PRESTIGE AUTO
IMPORTS, INC. d/b/a WEBSTER AUTO
SALES,

By their attorneys,

 /s/  Ian J. Pinta
Howard M.  Cooper (BBO #543842)
hcooper@toddweld.com
Ian J. Pinta (BBO #667812)
ipinta@toddweld.com
Todd & Weld LLP
28 State Street, 31st floor
Boston, MA 02109
(617) 720-2626

 /s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO #647379)
dpasquarello@daintorpy.com
Michael J. McDermott (BBO #685223)
mmcdermott@daintorpy.com
Dain, Torpy Le Ray, Wiest & Garner, P.C.
129 South Street, 3rd Floor
Boston, MA 02111
(617) 542-4800

DONALD A. SMITH, JR.

By his attorney,

 /s/ Stephen J. Gill
Stephen J. Gill (BBO #192090)
11 Middle Street
Natick, MA  01760
(508) 395-6869
Gillfamily3@comcast.net

## **CERTIFICATE OF SERVICE**

I, Ian J. Pinta, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated October 15, 2013.

/s/ Ian J. Pinta
Ian J. Pinta